(31 P.3d 320)

No. 86,008

IN THE MATTER OF S.A.J.

Opinion filed September 14, 2001.

*Gregory D. Keith*, of Case, Moses, Zimmerman & Wilson, P.A., of Wichita, for appellant.

*Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., PIERRON, J., and PATRICK D. MCANANY, District Judge, assigned.

RULON, C.J.: S.A.J. appeals from his adjudication as a juvenile offender for the crimes of aggravated indecent liberties. We affirm.

A detailed recitation of the underlying facts is not necessary in our resolution of the issue presented.

S.A.J. argues the time period of 198 days he was in custody awaiting adjudication violated his right to have his case heard without unnecessary delay. K.S.A. 38-1651 states that "[a]ll cases filed under this code shall be heard without unnecessary delay. Continuances may be granted to either party for good cause shown." Interpretation of a statute is a question of law, and this court's review is unlimited. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

Prior to trial, at the hearing on a motion to dismiss, the district court found there had been no unnecessary delays. The delays that had been taken were all because of the congested docket of the court. S.A.J. contends the delay involved was unnecessary and, as such, the charges against him should be dismissed.

A juvenile does not have a constitutional right to a speedy trial in matters conducted under the Kansas Juvenile Justice Code (formerly Juvenile Offenders Code). See *In re T.K.*, 11 Kan. App. 2d 632, 634-36, 731 P.2d 887 (1987). Consequently, the 90-day and 180-day rules enumerated in K.S.A. 22-3402 are not applicable. Absent the speedy trial requirements of K.S.A. 22-3402, and with no other statutory time requirements specified in the juvenile code, the issue to be determined is solely whether appellant's case was heard without unnecessary delay. See K.S.A. 38-1651

According to S.A.J., "[I]t would only make sense that a time period exceeding six months . . . is in excess of the period contemplated in K.S.A. 38-1651." S.A.J. cites no relevant case law or statutory provisions in favor of his position, but instead relies upon the fact that other parts of the juvenile code contain time restrictions. See K.S.A. 38-1625 (initial appearance); K.S.A. 38-1632 (detention hearing); K.S.A. 38-1623 (notice of alibi); K.S.A. 38-1681 (expedited appeals). The argument is not persuasive. Further, an appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, an appellate court presumes that the action of the trial court was proper. *State v. Conley*, 270 Kan. 18, 27, 11 P.3d 1147, *cert. denied* 532 U.S. 932 (2000).

Here, S.A.J. offers nothing to refute the district court's ruling. The district court found the delays were attributable to the crowded docket and those findings are supported by the record. Further, S.A.J. has failed to show prejudice. As part of its ruling on the motion, the court found S.A.J. was already in the custody of the State on a previous case. Regardless of the delay in bringing the instant matter to an adjudicatory hearing, S.A J. would have still been in State custody.

S.A.J. has failed to establish that his case was not heard without unnecessary delay or that he was prejudiced in any way by the

timing of the proceedings against him. S.A.J. has no statutory right to a speedy trial, and under the facts of this case, the delays in S.A.J.'s adjudication were necessary due to the court's overcrowded dockets.

Affirmed.